## UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JONATHAN HENRY | ) | |
| *Plaintiff* | ) | NO. 3:21-cv-00346-JCH |
| | ) | |
| v. | ) | |
| | ) | |
| FITNESS INTERNATIONAL, LLC | ) | |
| D/B/A/ LA FITNESS | ) | |
| *Defendant* | ) | |

**ANSWER AND JURY CLAIM**

The Defendant, Fitness International, LLC, D/B/A/ LA Fitness ("Fitness International") hereby answers the Plaintiff's Complaint dated February 23, 2021. *See* Doc. 1-1 at 2-8. Unless otherwise set forth herein, the allegations of the Plaintiff's Complaint are denied.

1. Fitness International cannot Fitness International is without sufficient knowledge to admit or deny the allegations of this paragraph, and accordingly denies the same and leaves the Plaintiff to his proof.

2. Fitness International is without sufficient knowledge to admit or deny the allegations of this paragraph, and accordingly denies the same and leaves the Plaintiff to his proof.

3. Fitness International cannot admit or deny the allegations of this paragraph to the extent they set forth legal conclusions. The allegations of this paragraph are otherwise denied, except to admit that the Stamford, CT LA Fitness club is located at 52 Sixth Street, Stamford, CT 06905.

4. Fitness International cannot admit or deny the allegations of this paragraph to the extent they set forth legal conclusions. The allegations of this paragraph are otherwise denied, except to admit that Fitness International leased and reasonably maintained the subject premises.

5. Fitness International cannot admit or deny the allegations of this paragraph to the extent they set forth legal conclusions. The allegations of this paragraph are otherwise denied, except to admit that Fitness International leased and reasonably maintained the subject premises.

6. Fitness International cannot admit or deny the allegations of this paragraph to the extent they set forth legal conclusions. Fitness International is otherwise without sufficient knowledge to admit or deny the allegations of this paragraph, and accordingly denies the same and leaves the Plaintiff to his proof.

7. Fitness International cannot admit or deny the allegations of this paragraph to the extent they set forth legal conclusions. Fitness International is otherwise without sufficient knowledge to admit or deny the allegations of this paragraph, and accordingly denies the same and leaves the Plaintiff to his proof.

8. Fitness International is otherwise without sufficient knowledge to admit or deny the allegations of this paragraph, and accordingly denies the same and leaves the Plaintiff to his proof.

9. Denied.

10. Fitness International cannot admit or deny the allegations of this paragraph to the extent they set forth legal conclusions. The allegations of this paragraph are otherwise denied,

11. a.–b. Denied.

12. a.–q. Denied.

13. Denied.

14. Denied.

15.Denied.

## FIRST SPECIAL DEFENSE

And further answering, the defendant states that the plaintiff's recovery, if any, must be diminished in accordance with the provisions of C.G.S. § 52-572h by the proportion of negligence which is attributable to the plaintiff. The defendant says that the plaintiff was negligent and that his own negligence was the actual and proximate cause of any injuries, damages, or losses claimed, in one or more of the following: a. The plaintiff failed to avoid the condition that he claims were dangerous; b. The plaintiff failed to use the amount of care which was appropriate under the circumstances; c. The plaintiff failed to keep and maintain a proper and reasonable lookout; d. The plaintiff failed to watch where he was stepping and walking; e. The plaintiff was inattentive to his surroundings; f. The plaintiff failed to make proper and reasonable use of his faculties and senses; and g. The plaintiff failed to use reasonable care for his own safety commensurate with the existing circumstance and conditions. h. The plaintiff failed to heed warnings provided to him.

## SECOND SPECIAL DEFENSE

And further answering, the defendant says that the plaintiff has failed to take reasonable and prudent measures necessary and proper to mitigate whatever damages he might have sustained as a result of the acts or omissions complained of in the plaintiff's complaint.

## THIRD SPECIAL DEFENSE

And further answering, the defendant says that the plaintiff released the defendant from any and all liability and otherwise assumed the risk of any such accident per the written agreement between the parties.

**FOURTH SPECIAL DEFENSE**

And further answering, the defendant says that it had no actual or constructive knowledge of any alleged defect.

**FIFTH SPECIAL DEFENSE**

And further answering, the defendant says that plaintiff's negligence was greater than any on part of the defendant and thus plaintiff's claim is barred.

**JURY CLAIM**

Defendant hereby claims a jury trial on all claims.

Respectfully submitted,

Defendant,
FITNESS INTERNATIONAL, LLC, D/B/A
LA FITNESS
By its attorneys,


Kevin J. O'Leary, ct30271
Benjamin H. Levites, ct30481
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
koleary@coughlinbetke.com
blevites@coughlinbetke.com



**<u>CERTIFICATION</u>**

This is to certify that a copy of the foregoing was filed electronically on August 3, 2021. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


Benjamin H. Levites