UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

| | |
|---|---|
| JONATHAN HENRY )<br>*Plaintiff* )<br> )<br>v. )<br> )<br>FITNESS INTERNATIONAL, LLC. )<br>D/B/A/ LA FITNESS )<br>*Defendant* ) | NO. 3:21-cv-00346-JCH |

**JOINT MOTION FOR MODIFICATION OF THE SCHEDULING ORDER**

Pursuant to FRCP 16(b)(4) and Local Rules 7(b) and 16 (b), Plaintiff and Defendant Fitness International, LLC ("Fitness International") hereby move for a modification of the scheduling order (Document 19) to extend the deadlines for discovery relating to the expert witnesses of Plaintiff and Fitness International by 60 days, until May 31, 2022, as additional time is needed to complete expert discovery. Briefly, the plaintiff's deposition, which the parties originally intended to complete in December 2021, was delayed until January 25, 2022, due to COVID, and which further disclosed additional medical records to be requested by the parties. The parties have now received the transcript of that deposition and intend to proceed to mediation after their respective experts have completed their reports. This first motion for a modification of the scheduling order does not seek a modification that will delay trial.

**BACKGROUND**

The current deadline for the expert disclosures of the Plaintiff is January 4, 2022. Defendant Fitness International, LLC ("Fitness International") is March 1, 2021. The Plaintiff in this case has alleged injuries including an "11 % permanent impairment of the cervical spine,"

1

Doc. 1-1, ¶ 12(p), arising out of Plaintiff's slip and fall in a pool area at one of Defendant's LA Fitness establishments. The parties have cooperated to date, exchanged written discovery, conducted the deposition of the plaintiff, and are in agreement about the remaining expert discovery to be conducted in anticipation of mediation.

On January 25, 2022, after exchanging written discovery, the parties conducted the deposition of the Plaintiff. On February 14, 2022, the parties jointly reported to the Court: "Due to delays in obtaining medical records and due to issues with availability of the plaintiff for a deposition, the parties will likely file a joint motion requesting a brief extension of expert witness designation deadlines in the case." Doc. 26.

This motion to amend the scheduling order is filed fewer than three business days before the deadline sought to be extended because the applicable expert disclosure and deposition deadlines had passed before the deposition fo the plaintiff could be completed. L.R.C.P. 7(b)(3).

**LEGAL STANDARDS**

A scheduling order may not be modified except by leave of court on a showing of good cause [Fed. R. Civ. P. 16(b)(4)]. In the Second Circuit, a finding of "good cause" depends on the diligence of the moving party. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). "The good cause standard requires a particularized showing that the schedule cannot reasonably be met, despite the diligence of the party seeking the modification, for reasons that were not reasonably foreseeable when the parties submitted their proposed case management plan." Local Rule of Civil Procedure 16(b).

**ARGUMENT**

1. **The parties have diligently met the scheduling order's requirements.**

As set forth above, the parties have worked to diligently comply with this Court's Scheduling Order in completing depositions; exchanging written discovery; and proceeding to expert discovery. While the parties submit this motion within three days of the expiration of an expert discovery deadline, this was required in view of the recent completion of the Plaintiff's deposition after the time for the Plaintiff's expert disclosure had already lapsed. The parties submit this motion prior to the expiration of the applicable deadline for the defendant's expert disclosure, and prior to the close of discovery. *See* L.R.C.P. 7(b)(3); F.R.C.P. 6(b)(1)(A) (providing that a district court may grant an extension request for good cause when the request is made before expiration of the applicable deadline). Accordingly, the parties have diligently met the scheduling order's requirements, and there is good cause to grant the requested amendment.

2. **The parties join in the proposed amendment of the scheduling order.**

The parties are both represented by experienced counsel. No prejudice will accrue to the parties by the amendment of the scheduling order where, as here, the parties agree to the requested amendment. Further, the requested modification will not delay trial. Accordingly, there being no prejudice, the Court should grant the requested amendment.

**CONCLUSION**

For the foregoing reasons, the parties submit that modification of the scheduling order in this case is reasonable and appropriate, and neither party will be prejudiced.  The requested amendment does not contemplate a delay of the current trial date, so the trial will not be delayed.

|  | Respectfully submitted, |
|---|---|
| Defendant,<br>FITNESS INTERNATIONAL, LLC,<br>D/B/A LA FITNESS<br>By its attorneys,<br>*/s/ Ben Levites*<br>Kevin J. O'Leary, ct30271<br>Benjamin H. Levites, ct30481<br>Coughlin Betke LLP<br>175 Federal Street<br>Boston, MA 02110<br>(617) 988-8050<br>koleary@coughlinbetke.com<br>blevites@coughlinbetke.com | Plaintiff,<br>JONATHAN HENRY,<br>By his attorney,<br>/s/<br>Devin W. Janosov, Esq., ct27963<br>Papcsy Janosov Roche, LLP<br>53 East Ave. Norwalk, CT 06851<br>P: 203.642.3888<br>F: 203.642.337<br>devin@myinjuryfirm.com |